**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEPHEN OMAR DURANT,
                        Plaintiff,

v.                                                    Case No. 14-CV-13054
                                                      Honorable Denise Page Hood

STATE FARM FIRE AND CASUALTY
COMPANY,

                        Defendant.

_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant State Farm Fire and Casualty Company's

Motion for Summary Judgment **[Docket No. 8, filed September 18, 2014]**.

Plaintiff Stephen Durant filed a Response to the Motion **[Docket No. 11, filed**

**October 23, 2014]** and a Supplement Brief **[Docket No. 15, filed December 9,**

**2014]**.  Defendant filed a Reply to the Response **[Docket No. 13, filed November**

**5, 2014]**.

 **I.  BACKGROUND**

This case arises out of Defendant's denial of Plaintiff's claim for insurance

proceeds under a homeowner's policy issued by Defendant for loss due to damage

by fire to Plaintiff's home located at 22141 Beverly Street, Oak Park, Michigan, which occurred on or about July 12, 2013.

Defendant provided several reasons for denying liability for the claim. First, Defendant believes that Plaintiff was involved in causing the fire based on the results of an investigation by professional fire investigator David Stayer, and violated the policy's concealment or fraud provisions. Second, Defendant argues Plaintiff failed to comply with the loss requirements of the policy by failing to submit a timely and proper sworn statement in a proof of loss as required by the policy. Defendant advised Plaintiff of the requirements in letters sent to the Plaintiff on July 22, 2013, and August 20, 2013. The final deadline to submit the proof was September 12, 2013. When Plaintiff did not submit proof on the deadline, Defendant's counsel sent Plaintiff a letter to schedule his examination under oath, including a sworn statement of proof of loss.

On September 17, 2013, Plaintiff filed a proof of loss, but the document was not notarized and did not contain supporting documents. Defendant rejected the document submitted. The Plaintiff failed to bring a sworn statement of proof of loss or personal property inventory to his November 11, 2013 examination under oath. After the examination, Defendant requested the proof of loss be produced by December 2, 2013. Plaintiff claims that he submitted a completed and notarized sworn statement in proof of loss in full compliance with Defendant's request on

2

November 20, 2013, but Defendant claims it did not receive it.  On December 11,
2013, Plaintiff submitted a proof of loss and personal property inventory, but did
not include a dwelling estimate, which was required as a part of the proof of loss.
Defendant denied the claim for failure to comply with the policy conditions, for
causing the fire, and for violating the policy's concealment and fraud provision.

In emails between Defendant and Plaintiff's counsel in January 2014,
Plaintiff's counsel asks if there is any additional documentation required. Plaintiff
claims it was not until February 2014 that his counsel discovered the additional
requirements for proof of loss.

## II.    STANDARD

Summary judgment is appropriate in cases where "the pleadings,
depositions, answers to interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to any material fact and
that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v.
Catrett*, 477 U.S. 317, 322 (1986).   The moving party bears the burden of
demonstrating that summary judgment is appropriate.   *Equal Employment
Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093
(6th Cir. 1974).   The Court must consider the admissible evidence in the light
most favorable to the nonmoving party.  *Sagan v. United States of Am.*, 342 F.3d
493, 497 (6th Cir. 2003).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. Any dispute as to a material fact must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

## III.   ANALYSIS

In its Motion for Summary Judgment, Defendant's primary argument is that Plaintiff's failure to comply with the sworn statement in proof of loss requirement of the policy is a complete bar to his claim under Michigan law. *See Peck v. Nat'l. Liberty Ins. Co.,* 224 Mich. 385, 386, 194 N.W. 973 (1923); *Fenton v. Nat'l Fire*

*Ins. Co.,* 235 Mich. 147, 150, 209 N.W. 42 (1926); *Helmer v. Dearborn Nat'l. Fire Ins. Co.,* 319 Mich. 696, 700, 30 N.W.2d 399 (1948); *Reynolds v. Allstate Ins. Co.,* 123 Mich. App. 488, 490-491; 332 N.W.2d 583 (1983).   Plaintiff agrees that failure to cooperate may be a bar to recovery under an insurance policy, but "the insurer could not be relieved from liability under the insurance policy without first showing that they were prejudiced by the alleged lack of cooperation by the insured." *See Leach v Fisher,* 345 Mich 65, 74 N.W.2d 881 (1956).

In his Response, Plaintiff argues that he filed a proof of loss, presented it to Defendant, and complied with the policy.  Plaintiff also argues that there are disputes as to whether Plaintiff did or did not cooperate under the terms of the policy, and whether Plaintiff provided proof of loss.  These disputes preclude the dismissal of the claims in a summary judgment motion.  In the supplemental brief, Plaintiff also argues that since extensions were repeatedly granted, Defendant is estopped from asserting a sixty day deadline.  This is also a question of fact to be determined by the trier of fact.

The Court denies the Motion for Summary Judgment, because the facts supporting the claims are in dispute.  Summary Judgment is inappropriate at this stage.

## IV.   CONCLUSION

Accordingly,

5

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment
**[Docket No. 8, filed September 18, 2014]** is **DENIED.**


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  December 29, 2014