UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN OMAR DURANT,

              Plaintiff,           CASE NO. 14-13054
                                    HON. DENISE PAGE HOOD

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

              Defendant.
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO REOPEN LIMITED DISCOVERY (Docket No. 35)

This matter is now before the Court on Plaintiff's Motion to Reopen Limited Discovery **[Docket No. 32, filed August 31, 2015]**. Defendant filed a Response to the Motion **[Docket No.37, filed October 7, 2015]**. The Court referred the motion to Magistrate Judge David R. Grand, who Denied Plaintiff's Motion **[Docket No. 35, filed September 18, 2015]**. Plaintiff filed objections, **[Docket No. 36, filed October 2, 2015]** to which Defendant responded **[Docket No. 37, filed October 9, 2015]**.

A Magistrate Judge's order regarding a non-dispositive motion will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. §

1

636(b)(1)(A); Fed.R.Civ.P. 72(a). Any appeal or objections to a magistrate judge's order must specify the part of the order the party objects to, and state the basis for the objection. ED. Mich. LR 72.1; 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court ... is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. C.I.R.*, 958 F.2d 684, 690 (6th Cir. 1992). Rule 72(a) provides considerable deference to the determination of the magistrate judges. *In re Search Warrants*, 889 F.Supp. 296, 298 (S.D. Ohio 1995).

After reviewing Magistrate Judge Grand's Order, the Court finds that he did not commit clear error in finding that Durant failed to show the requisite good cause for the relief he requests. According to Rule 16, a party moving to reopen discovery must demonstrate "good cause" to modify a court's scheduling order. Fed. R. Civ. P. 16(b)(4). Rule 16's 'good

cause' standard examines the moving party's diligence in attempting to meet the case management order's requirements, though courts may also consider prejudice to the nonmoving party. *Smith v. Holston Med. Group, P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (internal quotation marks omitted). Magistrate Judge Grand cited Durant's lack of diligence in pursing discovery, his failure to timely notify the Court of his purported financial difficulties due to his criminal case and incarceration, his alleged need for additional discovery, and the prejudice State Farm would suffer by re-opening expert witness discovery as reasons for finding Durant failed to establish the requisite good cause. Durant filed the instant motion on August 31, 2015, more than five months after the discovery deadline of March 16, 2015.

Accordingly, **IT IS ORDERED** that the Magistrate Judge's September 18, 2015 Order **[Docket No. 35]** is **AFFIRMED** and Plaintiff's Objections **[Docket No. 36, filed October 2, 2015]** is **OVERRULED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  October 13, 2015

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 13, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager