UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN OMAR DURANT,

               Plaintiff,               CASE NO. 14-13054
                                             HON. DENISE PAGE HOOD

v.

STATE FARM FIRE AND
CASUALTY COMPANY,


               Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE (DOC. NO. 20); GRANTING DEFENDANT'S MOTION IN LIMINE (DOC. NO. 22); GRANTING DEFENDANT'S MOTION IN LIMINIE (DOC. NO. 23); AND GRANTING PLAINTIFF'S MOTION IN LIMINE (DOC. NO. 29)**

## I.    INTRODUCTION AND BACKGROUND

This matter comes before the Court on multiple Motions in Limine and a Motion to Bifurcate. Trial is set to begin on Tuesday, January 19, 2016.

This case arises out of Defendant's denial of Plaintiff's claim for insurance proceeds under a homeowner's policy issued by Defendant for loss due to damage by fire to Plaintiff's home located at 22141 Beverly Street, Oak Park, Michigan, which occurred on or about July 12, 2013.

Defendant provided several reasons for denying liability for the claim. First,

1

Defendant believes that Plaintiff was involved in causing the fire based on the results of an investigation by professional fire investigator David Stayer, and violated the policy's concealment or fraud provisions. Second, Defendant argues Plaintiff failed to comply with the loss requirements of the policy by failing to submit a timely and properly sworn statement of proof of loss as required by the policy.  Defendant advised Plaintiff of the requirements in letters sent to the Plaintiff on July 22, 2013, and August 20, 2013.  The final deadline to submit the proof was September 12, 2013.  When Plaintiff did not submit proof by the deadline, Defendant's counsel sent Plaintiff a letter to schedule his examination under oath, including a sworn statement of proof of loss.

On September 17, 2013, Plaintiff filed a proof of loss, but the document was not notarized and did not contain supporting documents.  Defendant rejected the document submitted.  The Plaintiff failed to bring a sworn statement of proof of loss or personal property inventory to his November 11, 2013 examination under oath.  After the examination, Defendant requested the proof of loss be produced by December 2, 2013.  Plaintiff claims that he submitted a completed and notarized sworn statement in proof of loss in full compliance with Defendant's request on November 20, 2013, but Defendant claims it did not receive it.  On December 11, 2013, Plaintiff submitted a proof of loss and personal property inventory, but did

not include a dwelling estimate, which was required as a part of the proof of loss. Defendant denied the claim for failure to comply with the policy conditions, for causing the fire, and for violating the policy's concealment and fraud provision.

In emails between Defendant and Plaintiff's counsel in January 2014, Plaintiff's counsel asks if there is any additional documentation required. Plaintiff claims it was not until February 2014 that his counsel discovered the additional requirements for proof of loss.

## III.    MOTION TO BIFURCATE (Doc. No. 20)

Defendant filed a motion to bifurcate liability and damages. Defendant argues bifurcation will save judicial time and resources because if liability is not proven, there will be no need for the presentation of damages. Plaintiff counters that the potential for judicial economy is minuscule.

A district court may bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed.R.Civ.P Rule 42(b); *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).  The decision to bifurcate a trial is "within the sound discretion of the court." *Yung v. Raymark Indus. Inc.*, 789 F.2d 397, 400 (6th Cir.1986). "The party seeking bifurcation has the burden of demonstrating judicial economy would be promoted and that no party would be prejudiced by separate trials." *K.W. Muth*

*Co., Inc. v. Bing–Lear Mfg. Group, L.L.C.*, No. 01–cv–71925, 2002 WL 1879943, at *3 (E.D. Mich. Jul 16, 2002). Courts have indicated that bifurcation "should be used sparingly." *Kelley v. Steel Transp., Inc.*, No. 09-CV-14318, 2011 WL 1690066, at *4 (E.D. Mich. May 4, 2011).

The Court will not bifurcate this matter.  While bifurcation could shorten the trial by excluding testimony regarding damages, the "saved" time would be for naught should the damages phase become necessary. Bifurcation requires a certain degree of duplication of efforts by the parties, counsel, and the Court. In the event the damages phase becomes necessary, there would have to be another round of opening statements, closing arguments, and jury instructions. *Id.* at *5. This trial does not involve complex issues requiring bifurcation.

The Motion to Bifurcate Trial (**Doc. No. 20**) is **DENIED**.

## IV.   MOTIONS IN LIMINE

### A.   Defendant's Motion to Preclude Testimony of Valerie Welsh and Jermaine Durant (Doc. No. 22)

Defendant seeks to exclude Valerie Welsh and Jermaine Durant from testifying because Plaintiff did not identify them as potential witnesses until he filed his joint pretrial order, and Defendant did not have an opportunity to depose them prior to trial. If they are allowed to testify, Defendant contends it would be prejudiced because it would learn of key witness testimony at the same time as the

4

jury and be unable to adequately prepare for or respond to such testimony.

Plaintiff responds that the witnesses, at least at the point the motion was filed, had not been located and they have not had an opportunity to depose them. Plaintiff states if he finds the witnesses, he will inform Defendant and allow Defendant to depose them. If he cannot find the witnesses, then he cannot call them for trial. Therefore, there is no danger of prejudice to the Defendant.

Federal Rule of Civil Procedure 26 requires a party to disclose "the name … of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). A party must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). If a party does not disclose a witness or timely supplement its disclosure, then "the party is not allowed to use that … witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

Furthermore, the Court's scheduling order, governed by Fed. R. Civ. P. 16,

5

required both parties to disclose the names of witnesses by December 5, 2014.

Accordingly, Plaintiff was required to disclose Valerie Welsh and Jermaine Durant

as potential witnesses by that date. As noted by Judge Zatkoff, "[w]ithout a

deadline for the disclosure of witnesses, a party could add witnesses on the eve of

trial and leave its adversary with no opportunity to depose the witnesses or

adequately prepare for trial." *Dunn ex rel. Albery v. State Farm Mut. Auto. Ins.

Co.*, 724 F. Supp. 2d 701, 707-08 (E.D. Mich. 2010). Pursuant to Fed.R.Civ.P.

16(b)(4) "A schedule may be modified only for good cause and with the judge's

consent." *Id.*

Plaintiff did not disclose Valerie Welsh and Jermaine Durant as witnesses

until he submitted his final pretrial order. Plaintiff had a duty to supplement his

disclosures as soon as he knew that Valerie Welsh and Jermaine Durant had

pertinent information. Disclosing the names of Valerie Welsh and Jermaine Durant

on the eve of trial is inexcusable. Plaintiff provides no reason as to why he failed to

supplement his disclosure list and identify Valerie Welsh and Jermaine Durant as

witnesses, even if he does not know where they are located. Plaintiff cannot call

Valerie Welsh and Jermaine Durant as witnesses. The Motion to Preclude

Testimony of Valerie Welsh and Jermaine Durant **(Doc. No 22)** is **GRANTED.**

**B.     Defendant's Motion Precluding Plaintiff's Lack of Criminal
        Prosecution (Doc. No. 23)**

Defendant first seeks to preclude Plaintiff's from alluding at trial to the fact that no criminal prosecution has been instituted based upon the fire that occurred at Plaintiffs' home, which Defendant claims was intentionally set. Plaintiff agrees that his lack of prosecution should be excluded.

It is well settled in the Sixth Circuit that  evidence of non-prosecution for arson is inadmissible, whether during a party's case-in-chief, during cross-examination, or during rebuttal. *Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987). Defendant's Motion in Limine Precluding Plaintiff's Lack of Criminal Prosecution **(Doc. No. 23)** is **GRANTED**.

In Plaintiff's response to Defendant's motion, Plaintiff asks the Court to exclude Defendant from introducing evidence regarding allegations that Plaintiff had an illegal electrical connection to the property and was stealing electricity. Plaintiff was charged with setting up the illegal connection, but those charges were dismissed. Defendant argues that these allegations are relevant to its defenses, such as fraud, motive, and recision. The Court will address this issue on the first day trial.

### C.  Plaintiff's Motion in Limine Exclude Evidence of the Criminal Prosecution of Plaintiff (Doc. No. 29)

Plaintiff seeks to exclude evidence of criminal prosecution in a drug case. Plaintiff notes that the facts and circumstances of the criminal case are unrelated to

7

this matter, as they arise out of a completely separate set of facts and circumstances. Defendant did not file a response.

The Court agrees with Plaintiff that his drug case is irrelevant to the facts at hand. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Here, Plaintiff's alleged drug activities do not make it more or less probable that Defendant breached its contract with Plaintiff and do not constitute a fact of consequence in determining this breach of contract matter.

Evidence of Plaintiff's drug case also is not admissible under Rule 609. Rule 609 allows a party to attack a witness's character for truthfulness by evidence of a criminal conviction for a crime punishable by imprisonment for more than one year. FRE 609(a)(1). The rule states that the evidence must be admitted, subject to Rule 403, in a civil case.

Here, even if the Court found the evidence to be relevant, it would still exclude the evidence because of the danger of unfair prejudice to Plaintiff. Jurors may make unqualified presumptions regarding Plaintiff's character. Accordingly, Plaintiff's Motion to Exclude Evidence of the Criminal Prosecution of Plaintiff **(Doc. No. 29)** is **GRANTED**.

8

**IT IS SO ORDERED.**


S/Denise Page Hood
Chief Judge, United States District Court

Dated:  January 15, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

9